UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARIA GUEVARA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No.   3:21-cv-280 |
| | ) |
| TYSON FRESH MEATS, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT – WITH JURY DEMAND**

Plaintiff Maria Guevara, by counsel, for her Complaint against Defendant Tyson Fresh Meats, Inc., states as follows:

**JURISDICTION AND VENUE**

1. This suit is brought under the Family Medical Leave Act of 1993 (FMLA), 29 U.S.C. §§ 2601 et seq., the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12113, as amended by the ADA Amendments Act (ADAAA), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981(a) et. seq.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), 26 U.S.C. § 2617(a)(2), and 42 U.S.C. § 12117(a).

3. All acts alleged herein were committed within the Northern District of Indiana and venue is proper within this District and Division pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4. Plaintiff Maria Guevara ("Guevara") is a resident of Cass County, in the State of Indiana and has been for all relevant times to this Complaint.

1

5. Guevara worked for Defendant Tyson Fresh Meats, Inc. ("Tyson"), at its Logansport, Indiana facility. During the course of her employment at Tyson, Guevara was an "employee" of Tyson within the meaning of the ADA and Title VII.

6. At all times relevant to this Complaint, Guevara was an "eligible employee" of Tyson within the meaning of the FMLA, 29 U.S.C. § 2611(2).

7. Defendant Tyson Fresh Meats, Inc., is a for-profit corporation which does business in Cass County, Indiana, from its location at 2125 S Co Rd 125 W, Logansport, IN 46947.

8. Tyson Fresh Meats, Inc., employs more than fifty (50) employees and is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

9. Tyson Fresh Meats, Inc., employs more than fifteen (15) employees and is an "employer" within the meaning of the ADA and Title VII.

## FACTS

10. Maria Guevara worked at Tyson Fresh Foods, Inc., for more than six years.

11. Guevera met or exceeded the legitimate expectations of her employer.

12. Guevara is a Spanish-speaking immigrant from Mexico.

13. Guevara suffered from a disabling condition resulting from a knee injury that did not heal.

14. Guevara's was disabled, had a record of disability, and was regarded as a disabled individual by Tyson.

15. Guevara was able to perform the essential functions of her job at Tyson with reasonable accommodations.

16. Guevara began requiring reasonable accommodations in 2017.

17. Guevara's son suffered from a serious medical condition that was disabling.

18. Guevara was closely associated by Tyson with her disabled son.

19. During her time at Tyson, Guevara required FMLA leave to take care of her disabled son and for her own disability.

20. Her most recent FMLA certification for her own disability began January 30, 2020 and continued through July 29, 2020, She was certified for intermittent FMLA leave at the time.

21. During her work at Tyson, Tyson subjected Guevara to discriminatory treatment, harassment and a hostile working environment.

22. For example, Guevara's supervisor often tracked the time it took her to walk back and forth from the restroom and removed her from jobs that she bid on.

23. Other employees outside her protected class did not have their times tracked nor were they removed from jobs in the manner Guevara was.

24. Guevara engaged in protected activity by complaining of discrimination at Tyson multiple times beginning in 2013 and complained that she was being discriminated against by her supervisor in a meeting on February 27, 2020.

25. On March 9, 2020, Guevara was experiencing significant pain related to her disability.

26. On March 9, 2020, Guevara told a Human Resources employee that she needed to use her intermittent FMLA leave that day.

27. On March 9, 2020, Guevara asked Tyson safety employee Ludivina Miranda, who is bilingual, to inform her supervisor that she was taking FMLA.

28. Miranda is often used as an interpreter during staff meetings and Guevara has used her as an interpreter in the past with no issue.

29. On March 10, 2020, Tyson terminated Guevara, claiming that she failed to inform her

supervisor (who does not speak Spanish) that she was taking leave.

30. The reason given for the termination by Tyson was pretext for discrimination on the basis of disability, national origin and/or race, retaliation for her complaints of discrimination, and interference with Guevara's federally protected right to use FMLA leave.

## ADMINISTRATIVE PROCEDURES

31. Guevara timely initiated a complaint of discrimination on the basis of disability against Tyson Fresh Foods, Inc., with the Equal Employment Opportunity Commission ("EEOC") under charge number 470-2020-02357.

32. On January 26, 2021, the EEOC issued Guevara a Notice of Right to Sue.

33. Guevara has ninety (90) days from her receipt of the Notice of Right to Sue to file her Complaint, which time has not passed.

## COUNT I - VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

34. All preceding paragraphs are incorporated herein by reference.

35. At all relevant times, Guevara suffered from a "serious health condition" within the meaning of the FMLA, 29 U.S.C. § 2611(11).

36. The FMLA prohibits employers from interfering with, restraining or denying the exercise of or the attempt to exercise, any right provided by the FMLA.

37. Tyson willfully and intentionally interfered with, restrained and/or denied Guevara's exercise of her right to FMLA leave by terminating her on March 10, 2020.

## COUNT II - DISCRIMINATION ON THE BASIS OF DISABILITY

38. All previous paragraphs are hereby incorporated by reference.

4

39. Guevara is a qualified individual with a disability under the ADA as amended by the ADAAA, 42 U.S.C. § 12102(1).

40. Guevara has a record of disability and was regarded as having a disability by Defendant within the meaning of the ADA as amended by the ADAAA, 42 U.S.C. § 12102(3).

41. Tyson engaged in unlawful discrimination on the basis of disability when it terminated Guevara because of her disability, record of disability, and/or perceived disability.

42. Tyson has engaged in discriminatory treatment of Guevara on the basis of disability and has acted with malice or reckless disregard of Guevara's rights as a disabled employee in violation of the Americans with Disabilities Act, as amended.

## COUNT III – DISCRIMINATION UNDER TITLE VII

43. Plaintiff incorporates by this reference, as if fully set forth herein, all previous paragraphs of this Complaint.

44. Defendant engaged in unlawful race and national origin discrimination in violation of Title VII when it treated Guevara differently from other employees in the terms and conditions of employment and when it created a hostile work environment toward Latina employees.

45. Defendant engaged in unlawful race and national origin discrimination in violation of Title VII when it terminated Guevara.

46. Defendant's conduct was malicious and/or recklessly indifferent to Guevara's rights under federal law.

## COUNT IV – RETALIATION UNDER TITLE VII AND THE ADA

47. Plaintiff incorporates by this reference, as if fully set forth herein, all previous paragraphs of this Complaint.

5

48. Defendant engaged in unlawful retaliation in violation of Title VII and the ADA when it terminated Guevara.

49. Defendant's conduct was malicious and/or recklessly indifferent to Guevara's rights under federal law.

**WHEREFORE**, Plaintiff Maria Guevara prays for the judgment of this Court against Defendant Tyson Fresh Meats, Inc., as follows:

A. An award of back pay with prejudgment interest for the salary and other employment benefits and opportunities that the Plaintiff has lost as a result of the Plaintiff's termination from employment with the Defendant.

B. Compensatory damages in an amount to be determined by a jury to compensate Plaintiff for her losses due to Defendant's discriminatory conduct.

C. Liquidated damages in an amount equal to Plaintiff's lost earnings and benefits because Defendant's violation of the FMLA was willful.

D. Punitive damages in an amount to be determined by a jury to deter Defendant and other employers from engaging in discriminatory conduct in the future.

E. An order directing the Defendant to reinstate the Plaintiff.

F. In the event the Court determines that it would be inappropriate to direct the reinstatement of the Plaintiff as an employee of the Defendant, an award of front pay and damages to compensate the Plaintiff for the losses that she reasonably will sustain as the result of being denied continued employment with the Defendant.

G. An award of attorneys fees and costs.

H.　　Such other relief as may be just and proper.

Respectfully submitted,

**MACEY SWANSON LLP**

/s/ Jeffrey A. Macey
Jeffrey A. Macey, Atty No. 28378-49
Attorney for Plaintiff Maria Guevara


**JURY DEMAND**

Now comes the Plaintiff, by counsel, and demands that this cause be tried to a jury on all issues so triable.

Respectfully submitted,

**MACEY SWANSON LLP**

/s/Jeffrey A. Macey
Jeffrey A. Macey, Atty No. 28378-49
Attorneys for Plaintiff Maria Guevara

**MACEY SWANSON LLP**
445 North Pennsylvania Street
Suite 401
Indianapolis, IN 46204-1800
Telephone: (317)637-2345
Facsimile: (317)637-2369
E-Mail: jmacey@maceylaw.com