UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARIA GUEVARA,<br><br>          Plaintiff,<br><br>    v.<br><br>TYSON FRESH MEATS, INC.,<br><br>          Defendant. | CAUSE NO. 3:21-CV-280 DRL |

## OPINION AND ORDER

Tyson Fresh Meats, Inc. terminated Maria Guevara from her employment. She sued Tyson saying the company interfered with her Family and Medical Leave Act (FMLA) rights, subjected her to a hostile work environment, retaliated against her for making complaints, and terminated her employment because of her disability, race, and national origin in violation of the Americans with Disabilities Act (ADA) and Title VII of the Civil Rights Act of 1964. Tyson requests summary judgment. The court grants the motion.

## BACKGROUND

In September 2013, Maria Guevara, a Hispanic woman born and raised in Mexico, began her career at Tyson's Logansport facility as a production line worker. She had medical issues that at times prevented her from working—a knee injury and herniated spinal disc. These injuries prevented her from working more than eight hours per day, required her to have additional time to get to and from the restroom, and at times required her to leave work. Her son also had medical issues requiring Ms. Guevara to take leave to care for him. During her employment, to the extent she needed to miss or leave work early because of medical issues, she requested and received FMLA-protected leave.

On March 7, 2020, Ms. Guevara decided to leave work early because she was experiencing problems with her knee. During her morning break, she went to the human resources office and filled

out the FMLA log to notify Tyson that she would be taking FMLA leave that day. She could not locate her supervisor, Anthony Farrell, to notify him of her plans to leave early so she asked Ludivina Miranda, a safety captain, to do so. It is disputed whether Ms. Guevara knew of any Tyson policy requiring her to directly notify a supervisor of her departure from the production line. She returned to work and departed at the start of her lunch break. When production resumed after lunch, Mr. Farrell was not notified of Ms. Guevara's absence. He only became aware when a "process out of control" occurred at Ms. Guevara's workstation.[1] Ms. Miranda then advised Mr. Farrell that Ms. Guevara had left for the day.

Tyson thereafter terminated Ms. Guevara's employment for job abandonment effective March 10, 2020. Ms. Guevara disputes the reason for her termination. She sued Tyson on April 25, 2021 for four claims: (1) FMLA interference, (2) discrimination on the basis of disability under the ADA, (3) discrimination on the basis of race and national origin and creating a hostile work environment under Title VII; (4) and retaliation under the ADA and Title VII. Tyson moved for summary judgment. Though the briefs marshal additional facts, the court has recounted these because of the narrow response to the motion.

## STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must present the court with evidence on which a reasonable jury could rely to find in his favor. *Weaver v. Speedway, LLC*, 28 F.4th 816, 820 (7th Cir. 2022). The court must construe all facts in the light most favorable to the non-moving party, viewing all reasonable inferences in that party's favor, *Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1051 (7th Cir. 2020), and avoid "the temptation to

---

[1] A "process out of control" occurs when product piles up on the production line.

decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003); *see also Joll v. Valparaiso Cmty. Sch.*, 953 F.3d 923, 924-25 (7th Cir. 2020).

In performing its review, the court "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Instead, the "court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Id.* The court must grant a summary judgment motion when no such genuine factual issue—a triable issue—exists under the law. *Luster v. Ill. Dep't of Corr.*, 652 F.3d 726, 731 (7th Cir. 2011).

DISCUSSION

Tyson requests summary judgment on all claims. Ms. Guevara's response often declines to engage the motion on its drawn battlelines, thereby waiving arguments or abandoning claims and ultimately leaving for discussion only the FMLA interference claim.

The FMLA requires employers to give eligible employees leave for serious health conditions that prevent them from performing their job functions. 29 U.S.C. § 2612(a)(1)(D); *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 908 (7th Cir. 2008). To safeguard these rights, the FMLA prohibits employers from (1) interfering with, restraining, or denying the exercise of FMLA rights and (2) discriminating or retaliating against employees for exercising FMLA rights. 29 U.S.C. §§ 2615(a)(1), (a)(2); *see Darst*, 512 F.3d at 908. The FMLA grants employees a right of action for such violations. 29 U.S.C. § 2617(a)(2).

There are five elements to establish a FMLA interference claim. *Ziccarelli v. Dart*, 35 F.4th 1079, 1084 (7th Cir. 2022). "The first four elements require the plaintiff to show that: (1) the employee was eligible for FMLA protections; (2) the employer was covered by the FMLA; (3) the employee was entitled to leave under the FMLA; and (4) the employee provided sufficient notice of intent to take FMLA leave." *Id.* (renumbering and citing *Lutes v. United Trailers, Inc.*, 950 F.3d 359, 363 (7th Cir. 2020)

3

and *Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806, 816 (7th Cir. 2015)). This motion concerns only the fifth prong—that Tyson either denied FMLA rights or interfered with or restrained her FMLA benefits. *See Ziccarelli*, 35 F.4th at 1080-85 ("statutory text and context favor a reading that interference with, or restraint of FMLA rights can violate § 2615(a)(1), without proof of an actual denial"). Obtaining relief requires "prejudice"—that harm resulted from the violation. 29 U.S.C. § 2617(a); *Lutes*, 950 F.3d at 368 (citing *Ragsdale v. Wolverine World Wide*, Inc., 535 U.S. 81, 89 (2002)).

Filing its motion mere days before *Ziccarelli* was decided, Tyson argues that Ms. Guevara cannot show that she was ever denied FMLA-protected leave or that the company interfered with her FMLA benefits. In response, one would expect Ms. Guevara to address this sole argument. Instead, she pivots without ever addressing Tyson's argument as to the fifth element of her FMLA interference claim and contends instead that the real issue is the fourth element—whether Ms. Guevara provided sufficient notice of intent to take FMLA leave. This was perhaps an attempt to create a genuine issue of material fact on that prong, but ill-fated because the response left the fifth element unaddressed to sustain an FMLA interference claim.

The court cannot generously construe any part of Ms. Guevara's brief as responsive to Tyson's argument that she cannot establish the fifth element of her FMLA interference claim. Failure to respond to an argument results in waiver, *Ennin v. CNH Indus. Am., LLC*, 878 F.3d 590, 595 (7th Cir. 2017), and the court won't advance arguments on behalf of the parties, *see Gross v. Town of Cicero*, 619 F.3d 697, 704 (7th Cir. 2010) (quoting *APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 631 (7th Cir. 2002)). On this record, this results in summary judgment on her FMLA interference claim.

Ms. Guevara's response *en masse* is couched only in terms of an FMLA interference claim. The only legal framework laid out in briefing concerns FMLA interference, though later she references in passing (section three of her brief) pretext and "discriminatory and/or retaliatory animus"—an argument that has nothing to do with FLMA interference. There are two theories through which an

4

FMLA claim may be pursued: interference and retaliation. *Shaffer v. Am. Med. Ass'n*, 662 F.3d 439, 443 (7th Cir. 2011). Each has a different standard. *Ziccarelli*, 35 F.4th at 1089, 1090-91. FMLA interference doesn't "require proof of discriminatory or retaliatory intent" whereas FMLA retaliation does. *Shaffer*, 662 F.3d at 443. The court thus wondered whether she might be advancing a new theory of FMLA retaliation or whether she was just mixing concepts.

That said, Ms. Guevara says in her complaint and summary judgment response that she is proceeding on the sole theory of interference, and the court takes her at her word [ECF 42 at 8] ("Plaintiff's claim that she was terminated in violation of her FMLA rights was properly [pleaded] as an interference claim."). She offers no rationale for amending her pleading through a summary judgment response to pursue a new FMLA retaliation theory. *See Chessie Logistics Co. v. Krinos Holdings, Inc.*, 867 F.3d 852, 860 (7th Cir. 2017) (party may not amend her complaint through summary judgment argument if it changes the complaint's factual theory, rather than just the legal theories). And in briefing, she never states the legal standard for an FMLA retaliation theory or in a developed way applies that law to the facts of this case to illustrate a triable issue. She responds to summary judgment solely on the theory of FMLA interference, so the court begins and ends there.

She declines to defend any other claim—hostile work environment, retaliation for complaining about harassment or discrimination, and adverse action because of her disability, race, or national origin under the ADA or Title VII. She never cites a single authority on the ADA or Title VII. She doesn't recite the respective legal frameworks for assessing such claims, nor apply them in argument to her case. *See Gross*, 619 F.3d at 704-05; *United States v. Tockes*, 530 F.3d 628, 633 (7th Cir. 2008). She abandons these claims. *See Palmer v. Marion Cnty.*, 327 F.3d 588, 597-98 (7th Cir. 2003) (affirming summary judgment against an abandoned claim); *Little v. Mitsubishi Motors N. Am., Inc.*, 261 F. Appx. 901, 903 (7th Cir. 2008) (same). Her abandonment results in summary judgment.

5

CONCLUSION

Accordingly, the court GRANTS Tyson's summary judgment motion [ECF 32], GRANTS its unopposed motion to seal certain exhibits [ECF 36], and GRANTS Ms. Guevara's unopposed motion for leave to file a surreply [ECF 46]. The clerk's entry of judgment, directed now for Tyson, terminates this case.

SO ORDERED.

October 6, 2022                                  *s/ Damon R. Leichty*
                                                 Judge, United States District Court